## RUDOLPH KOLLANDA
*vs.*
## CITY OF NEW HAVEN ET AL.

Superior Court       New Haven County       File No. 58732

MEMORANDUM FILED JUNE 14, 1940.

*Alfred E. DeCapua*, and *Evans & Markle*, of New Haven, for the Plaintiff.

*Vincent P. Dooley*, Corporation Counsel, and *Harold C. Donegan*, Assistant Corporation Counsel, of New Haven, for the Defendants.

QUINLAN, J.  In this proceeding the plaintiff seeks an injunction against the city and Robert D. Daly, Inc.  The company was awarded a garbage contract based on bids, submitted in response to a notice that contained a reservation reading, "the right to reject any or all bids is reserved."

The plaintiff had submitted a bid of $14,300, which bid was rejected.  The Daly company's bid was $16,300.  The plaintiff claims that the award was void, illegal, arbitrary, discriminatory, *ultra vires* and contrary to good public policy.

The city conducted an investigation of the suitability of place and facilities of the plaintiff and in the absence of proof of fraud, corruption or abuse of discretion, the action of the acting director ought not to be disturbed unless it violates the city charter.

I cannot say that the proximity to residences, school and trunk line highway did not make the location unsuitable and I am also satisfied that the piggery facilities were not sufficiently extensive to insure immediate ability to handle a problem which of necessity must be done with expediency and without unnecessary delays.

So far as section 369 of the city ordinances is concerned, that section provides: "All contracts to be made or let for work to be done. . . .shall be made by the departments, boards or by the officers having the subject matter in charge.  Whenever any work is necessary to be done to execute or perfect a particular undertaking, or any supply is needful for any particular purpose, and the several parts of said work or supply shall together involve the expenditure of more than two hundred and fifty dollars, a written contract for such work or supply shall be made, under such regulations as the board of aldermen may by ordinance establish, and under the rules of the department, board, or office in question, which contract shall be founded on sealed bids or proposals. . . . made in compliance with public notice, duly advertised by

publication, at least ten days before the time fixed for opening said bids or proposals. *If the department, board or the officer in question shall not deem it for the interest of the city to reject all bids, the department, board or such officer shall award the contract to the lowest responsible bidder; provided, however, that if the department, board or officer in question shall not deem it practicable or for the best interests of the city to proceed as above required for any particular work or the obtaining of any particular supply, a written statement to that effect shall be made, giving reasons and the manner in which, in the opinion of said department, board or officer, the work should be done, or the supply obtained, and submit the statement to the board of aldermen, which shall take such action in the matter as it shall decide to be for the best interests of the city."*

My interpretation of this ordinance is that there are two alternatives, either an award of a contract by the open, competitive system of bidding to the lowest responsible bidder, or if a department, board or officer shall not deem it practicable for the best interests of the city to proceed under the bid system, then in that event they shall notify the board of aldermen by a written statement. Here the bid system was adopted and the lowest responsible bidder in the opinion of the officer in charge selected. There does not seem to be such ambiguity as would require an interpretation of the intent.

In view of the language of the ordinance construed as above explained and the absence of fraud, corruption or abuse of discretion, the award will not be disturbed by granting the relief sought by the plaintiff. 3 McQuillan, Municipal Corporations (2nd ed. 1928) §1340; *State ex rel. Stamford vs. Board of Purchase and Supplies*, 111 Conn. 147, 158. See, also, *Adley vs. City of Bridgeport*, 3 Conn. Sup. 342.

Judgment for the defendants.